UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUSAN CARNABY, INDIVIDUALLY and as REPRESENTATIVE OF THE ESTATE OF ROLAND CARNABY, DECEASED,<br><br>Plaintiff,<br>v.<br><br>CITY OF HOUSTON, CHARLES FOSTER, AND ANDREW J. WASHINGTON,<br><br>Defendant. | CIVIL ACTION NO. 4:08-cv-1366 |

## MEMORANDUM AND ORDER

This case arises out of the fatal shooting of Roland Carnaby by two members of the Houston Police Department ("HPD"). Defendants have filed a Motion for Protective Order (Doc. No. 35), requesting that the Court seal certain requested discovery, restrict attorneys' and parties' use of discovery to the lawsuit, redact identifying information from records, and return Defendants' evidence to the City of Houston within sixty days of the conclusion of the case. Plaintiff has responded with a Motion to Compel (Doc. No. 37). After considering the parties' briefings and the applicable law, the Court finds that Defendants' Motion for Protective Order should be denied in part and granted in part, and Plaintiff's Motion to Compel should be granted.

I.  STANDARD

The Court may issue a protective order for "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." F. R.

1

CIV. P. 26 (c). The trial court has broad discretion in using protective orders to limit the means and scope of discovery. *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989); *Harris v. Amoco Production Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

To obtain a protective order, the moving party must demonstrate one of the enumerated harms: "annoyance, embarrassment, oppression, or undue burden or expense." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Such evidence must be a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. *Id.*; *General Dynamics Corp. v. Selb. Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973); WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil § 2035 at 484 (2d ed. 1994).

## II. DEFENDANTS HAVE NOT DEMONSTRATED "GOOD CAUSE" FOR A PROTECTIVE ORDER

Defendants request that the Court seal the following items: HPD Homicide Division Investigation, Bates stamped carnaby000012-000364; cassette tape of S.O. Dispatch 04.29.08, Bates stamped carnaby000381-000382; and cassette tape - 911 calls - 04.29.08, Bates stamped carnaby000383-000384.

Defendants present no evidence as to why this discovery should be subject to a protective order; they simply describe the requested materials as "sensitive" and the case as "high profile." In passing, they argue that they should not be required to "defend themselves in the media." These conclusory and stereotyped statements, without corroboration, do not warrant a protective order. *McLeod*, 894 F.2d at 1485.

When a party moves for a protective order on the grounds of "embarrassment," the threatened harm must be particularly serious. Defendants have offered no explanation as to why the items sought are so painfully sensitive as to warrant a

2

protective order. *Compare Rossbach v. Rundle*, 128 F.Supp.2d 1348, 1352 (S.D.Fla. 2000) (court issued a protective order because discovery contained highly personal information about the sexual affairs of non-parties); *Taylor v. Solvay Pharmaceuticals, Inc.*, 223 F.R.D. 544 (D.Colo. 2004) (court issued a protective order in litigation following Columbine shootings to prevent copycat attempts and additional pain for victims' families). Releasing these documents will not endanger public safety. Although requested discovery might contain details of Carnaby's death that are painful to Plaintiff, she nonetheless seeks discovery. Conversely, Defendants have made no showing that they will be similarly affected or will suffer any cognizable embarrassment. In fact, the details of Carnaby's death are already very public, due in part to the Defendants' pre-trial conduct. (Doc. No. 39 Ex. 1, 2.)

The fact that the local news media have reported on the case does not of itself create a prejudicial atmosphere warranting a protective order. *Davis v. Romney*, 55 F.R.D. 337, 339 (E.D.Pa. 1972) (citing *Reynolds v. United States*, 225 F.2d 123 (5th Cir.)). The majority of cases involving citizens who die as a result of law enforcement efforts are now reported by local media with "no ill effects." *Davis*, 55 F.R.D. at 339. Defendants have not alleged that the reporting in this case has been particularly inflammatory or prejudicial.

### III. THE PUBLIC'S INTEREST IN OPEN RECORDS OUTWEIGHS DEFENDANT'S PRIVACY INTEREST

The public has a common law right of access to inspect and copy judicial records. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir.1981)). This right of access is not absolute; however, "the district

court's discretion to seal the record of judicial proceedings is to be exercised charily." *S.E.C. v. Van Waeyenberghe*, 990 F.2d at 849 (citing *Federal Savings & Loan Ins. Corp. v. Blain,* 808 F.2d 395, 399 (5th Cir.1987)). In deciding whether to seal the court's record, the public's right of access is one of the interests to be weighed. *Belo Broadcasting Corp. v. Clark,* 654 F.2d 423, 434 (5th Cir.1981). "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d at 849 (citing *Littlejohn v. BIC Corp.,* 851 F.2d 673, 678 (3d Cir.1988)).

The public has a particular interest in the instant case because it involves matters of public safety and the deadly force policies of the local police department. The Second Circuit considers the involvement of a public entity a factor in the "good cause" balancing test for protective orders. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3rd Cir. 1994) (finding public interest in open judicial records outweighed the parties' privacy interest in § 1983 action against police department). The public's interest is heightened when the discovery will directly effect adjudication. *Gamble v. Deutsche Bank AG*, 377 F.3d 133, 140 (2nd Cir. 2004). Sealing discovery and limiting communications would only weaken popular faith in the judiciary, particularly in a case involving public safety and welfare.

**IV. TEXAS STATUTORY PRIVILEGE IS NOT CONTROLLING**

Defendants contend that the requested items are covered by the Texas statutory privilege for law enforcement personnel files and investigative files.[1] Defendants, however, have already agreed to make these documents available to Plaintiff; they simply contest whether the discovered material should be sealed. (Defs. Mem. at 2.) Privilege is not being asserted; therefore, these statues are not applicable.

Moreover, federal common law privilege applies to federal claims: "when considering a federal claim, federal courts apply federal common law, rather than state law, to determine the existence and scope of privilege." *Chauvin v. Sheriff Henry Lee*, No. 99-2200, 2000 WL 567006, at *1 (E.D.La. May 08, 2000) (citing FED. R. EVID. 501).[2] Defendants attempt to persuade the Court to apply state privilege law, citing *Walters v. Breaux*, 200 F.R.D. 271 (W.D. La. 2001). In *Walters*, the plaintiff, who had allegedly been raped by a police officer, sought the personnel files of the officers who investigated her rape. After finding that the documents were not protected by the federal law enforcement privilege, the judge chose to redact personal information and place the files under seal. In his decision to limit public access to the documents, the trial judge made no mention of state privilege, which was discussed only in relation to the documents' admissibility.[3] The *Walters* court offered no explanation for limiting public

---

[1] LOC. GOV'T CODE ANN. § 143.1214 (2004); TEX. GOV'T CODE ANN. § 552.108 (2004). Because privilege is not being asserted, and because Texas law is not controlling, we do not address whether the requested discovery is actually within the scope of these statutes.

[2] Plaintiffs do raise pendent state law claims of assault and battery, intentional infliction of emotional distress, and violations of the Texas Tort Claims Act. Even if the Defendants had not conceded admissibility, federal rules of privilege would still govern. Other circuits have recognized that federal rules of privilege apply in § 1983 actions involving pendent state claims. *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th. Cir. 1992). While the Fifth Circuit has not spoken to this issue, it has stated that, in § 1983 cases, "there is a 'special danger' in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged." *ACLU of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1344 (5th Cir. 1981) (citing *Carr v. Monroe Manufacturing Co.*, 431 F.2d 384, 389 (5th. Cir. 1970)).

[3] We do not deny that a federal law enforcement privilege exists, particularly as to cases involving an ongoing criminal investigation. *See In re: United Stated Department of Homeland Security*, 459 F.3d 565, 569 (5th Cir. 2006). Rather, in this case, the parties have agreed to the document's admissibility. It is

access to the documents at issue. There were circumstances in that case that are not present here, namely an ongoing criminal investigation and details of a sexual assault which, if released, might humiliate the victim.

It is unclear from the parties' filings whether the Plaintiff has requested the Internal Affairs Division ("IAD") investigative files or the personnel files of any police officers. To the extent these documents have been requested through the proper discovery channels, copies should be made available to the Plaintiff, without further restriction, other than redaction of confidential personal information unrelated to Plaintiff's discovery requests. The contents of IAD files are regularly made public through court proceedings. *See, e.g., Fraire v. City of Arlington*, 957 F.2d 1268, 1272 (5th Cir. 1992) (quoting an IAD report in a § 1983 suit brought against the Arlington Police Department following a police shooting); *Zavalla v. City of Houston*, 264 F.3d 1142 (5th Cir. 2001) (citing the results of an IAD investigation in Title VII case by former police employee); *Coughlin v. Lee,* 936 F.2d 1152, 1159 (5th Cir. 1991) (discussing IAD investigation files discovered in First Amendment action after police officers were allegedly fired for their political beliefs). IAD and personnel files are highly relevant to the case at hand, and Defendants have offered no facts suggesting that these documents should be sealed.

### V.   CONCLUSION

Defendants' Motion for a Protective Order is **GRANTED IN PART** and **DENIED IN PART.** The requested items will not be placed under seal. Attorneys and parties are not restricted from using discovery outside the lawsuit. All identifying

---

therefore not necessary to apply the balancing test articulated in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa. 1973), to determine if the federal law enforcement privilege applies.

information must be redacted from personnel files, including the employee's home address, telephone number, social security number, date of birth, medical records, race, family data, income, health records, and retirement benefits. Disciplinary records of police officers who are not Defendants will be redacted. Additionally, all identifying information of complainants and witnesses will be redacted. Within sixty days of the conclusion of the case, all documents produced by Defendants will be returned to City of Houston. Plaintiff's Motion to Compel is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 10th day of October, 2008.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.